UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                    609-989-0478
United States Bankruptcy Judge                                                                     609-989-2259 Fax

October 22, 2008

R.A. Lebron, Esq.
Fein, Such, Kahn & Shepard, PC
7 Century Drive, Suite 203
Parsippany, NJ 07054

Karen Bezner, Esq.
567 Park Avenue, Suite 103
Scotch Plains, NJ 07076

        Re:    Nicola DePaolis
               08-18721

Counselors:

      The Court has reviewed the arguments and submissions in the above referenced matter and issues the following ruling:

      The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

      This matter is before the Court by way of a Notice of Motion to Vacate the Automatic Stay Pursuant to 11 USC §362(d) (the "Motion") filed by R.A. Lebron, Esq. on behalf of Option One Mortgage Corporation as servicer for Deutsche Bank National Trust Company, as Trustee

for the Certificateholders of Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Seres 2006-OPT5 ("Option One"). On March 17, 2006, Anna Marie DePaolis executed a Note in the face amount of $395,000. On that same date, to secure that Note, both Anna Marie and the Debtor, Nicola DePaolis, executed a Mortgage which was recorded in the Monmouth County Clerk's Office. The Mortgage is a first mortgage on the residential property located at 486 Vanderbilt Avenue, Staten Island, New York, 10304.

On May 9, 2008, the Debtor filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. As of that date, according to the Motion, there was $445,059.03 due and owing on the Mortgage. Debtor's Schedule A listed the property as having a value of $385,000.

On June 4, 2008, Option One moved for stay relief pursuant to §362(d) stating that the Debtor had no equity in the property and that since this is a Chapter 7, the property is not necessary for a reorganization. Karen Bezner, Esq., Chapter 7 Trustee, objected to the Motion on grounds that the Debtor's name does not appear on the Note but only on the Mortgage. This, the Trustee argues, causes the Mortgage to attach only to the interests of Anna Marie who signed both the Note and the Mortgage. Thus, the Debtor does not owe any money to the bank and the estate owns a one-half interest in the value of the property which would be payable upon sale. In a later submission, the Trustee argues that there is no authority allowing the Trustee to split the mortgage proceeds of an invalid mortgage, thus the mortgage should be declared invalid and treated as an unsecured claim. The Trustee cites several cases where the mortgages considered by the Courts were found to be only as valid as the underlying debt. Option One does not dispute that underlying debt must exist for a mortgage to be enforceable but rather, they argue that the Debtor need not sign the Note in order to have a valid and enforceable mortgage. This

Court agrees.

A mortgage is security for the payment of a debt or performance of some other act. J.W. Pierson Co. v. Freeman, 113 N.J. Eq. 268, 271 (E. &A. 1933). The debt usually arises from a loan of money, generally as security for the payment of a debt that involves real estate. Chemical Bank New Jersey, N.A. v. City of Absecon, 13 N.J.Tax 1, 8 (Tax 1992) (citing Feldman v. Urban Commercial Inc., 64 N.J.Super. 364, 165 A.2d 854 (Ch.Div.1960)). The debt may be that of the mortgagor or of a third party. Campbell v. Tompkins, 32 N.J. Eq. 170 (Ch. 1880). The mortgage must be supported by valid consideration which can be either be a benefit to the promisor or a detriment to or forbearance by the promisee. A third party to a contract may also receive the benefit of the promised consideration if the promisee so intends. Martin v. Scott Paper Co., 511 A.2d 1048, 1049-50 (Me.1986).

The Trustee argues that the Debtor is not obligated at all because there is no debt instrument that creates any liability between the Debtor and Option One to which a mortgage could attach. The Trustee relies on several cases where mortgages were invalid as a result of the invalidity of the underlying documents. In particular, the Trustee relies on Great Falls Bank v. Pardo where the Court states:

> The court agrees with the general premise of Pardo's argument, i.e., if the guaranty agreement is unenforceable, the mortgage that was executed to secure it also must fall. This is because the mortgage is merely security for the debt and without a subsisting debt or obligation, the mortgage has no efficacy.

263 N.J. Super. 388, 397 (1993).

In Pardo, the court required that the mortgage be supported by a valid debt instrument otherwise the mortgage itself is invalid. In this case, the Trustee has not challenged the validity of the Note but simply asserts that the Note does not evidence an obligation owed by the Debtor

making the Mortgage unenforceable as to the Debtor[1]. To further support her contention, the Trustee cites Mardirossian v. Wilder as being on point. In Mardirossian, the court found that an almost blank note which did not state the amount due, date, place of payment, payee or specification of installments was really not a note at all and, as a result, invalid. Thus, the court found, the absence of the note that the mortgage purported to secure, resulted in an invalid mortgage as well. 76 N.J. Super. 37 (Ch. 1962). Again, here, the Note is valid and so is the Mortgage. This is not a case where, like those offered by the Trustee, the underlying documents are invalid or ineffective causing the mortgage to be rendered invalid. The Trustee has not presented any authority for the proposition that the mere failure to sign the Note deems the Note and, consequentially, the Mortgage invalid.

The absence of the Debtor's signature on the Note is not fatal to its validity. A third party can issue an enforceable mortgage to secure another's obligation. Federal Beneficial Ass'n., 96 N.J.Eq. 628, 636 (E. & A. 1924). This proposition derives from the accepted principle that one may enter into a binding contract for the benefit of a third party. Coast Nat'l Bank v. Bloom, 113 N.J.L. 597, 602 (E. & A.1934). Thus, third-party beneficiary principles applicable to contracts in general are equally applicable to mortgages. Some jurisdictions, applying the third party beneficiary theory to mortgages, have found that consideration for a mortgage need not flow directly from the mortgagee to the mortgagor. The consideration may consist in a loan to a third party. In re Rolfe, 710 F.2d 1, 3 (1st Cir.1983) ("the consideration that promisor A receives when C lends money to B is the loan to B, not some additional benefit to A"); Continental Bank of Pa. v. Barclay Riding Academy, infra., ("a third party can issue an enforceable mortgage to

---

[1] In her letter dated September 9, 2008, the Trustee refers to the Mortgage as "otherwise invalid" and "simply invalid" due to a lack of authority allowing Option One to split a mortgage to recover half of the proceeds. However, prior to that statement, the Trustee does not, at any point, argue that the Note or Mortgage are invalid.

secure another's obligation"); Peterson Bank v. Langendorf, 483 N.E.2d 279, 280 (1985) ("consideration for a mortgage need not move directly from the mortgagee to the mortgagor") (citation omitted). In this case, the Debtor may not have signed the Note himself but he did receive consideration of the loan itself and the use of the subject property.

The Restatement (Third) of Property (Mortgages) § 1.3 (1997) clearly states that "A mortgage securing the obligation of a person other than the mortgagor is valid, whether or not the mortgagor receives any identifiable benefit in return." Rest. 3d Prop-Mort §1.3 (1997). That section goes on to illustrate a scenario similar to the case at bar, stating as follows:

> 1. H and W are married. H wishes to borrow money to start a business, and arranges a loan from Bank. H alone executes a promissory note to Bank, but both H and W execute a mortgage on their jointly owned house to secure the note. The mortgage on the house is enforceable against the interests of both H and W, notwithstanding that W receives no benefit from the loan...

Id.

The illustration is based upon the actual case of Peterson Bank v. Langendorf, infra. Although no New Jersey case law directly supports the proposition that a mortgage signed by two parties is valid if only one party signs the note, the Restatement cites numerous cases from other jurisdictions indicating that ample authority exists. The Restatement is quick to point out that merely executing the mortgage does not ordinarily make one liable personally on the secured obligation if one does not sign a note, bond, or other evidence of debt. Garretson Investment Co. of San Diego v. Arndt, 77 P. 770 (Cal.1904). However, personal liability may arise if the mortgage itself contains a covenant to pay the debt; see Noble County Bank v. Waterhouse, 163 N.E. 119 (Ind.Ct.App.1928). Moreover, the mortgagor will be personally liable on covenants actually found in the mortgage, such as a promise to avoid waste, to pay taxes, or

to insure the property. The Mortgage defines "Borrower" as Anna Marie and the Debtor and goes on to reference the Note, including the name of the lender, its address, the amount of the Note and the date by which it will be paid in full. The Mortgage describes the exact same address as that listed in the Note which is the address of the Property. In the "Covenants" section of the Mortgage, the subsection entitled "Borrower's Promise to Pay" states "I will pay Lender on time principal and interest due under the Note and any prepayment and late charges due under the Note." There are further covenants for other charges and requirements that the Borrower promises to pay and/or maintain. Both Anna Marie and the Debtor signed the Mortgage. In addition, there is an "Adjustable Rate Rider for the Interest Only Payment Period" (the "Rider") which is referenced in the Note. The Rider contains the same Loan Number, Servicing Number and Date printed across the top of each page as the Note and Mortgage do. The Rider references the Property, the lender and the Note. The Rider is signed by both Anna Marie and the Debtor. The Debtor did not sign the Note but essentially undertook all the obligations therein through the covenants contained in the Mortgage and the Rider. Nothing in the record indicates this was not the Debtor's intention. Indeed, the Debtor listed the Property on Schedule A to his petition. Accordingly, Option One has a valid and enforceable mortgage on the Property. The Motion is granted over the Trustee's objection. An appropriate Order shall be entered by the Court.

Honorable Michael B. Kaplan
United States Bankruptcy Judge